NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

GLENNA SIMMONS, *Plaintiff/Appellant*,

*v.*

MECCA TEMPLE, *Defendant/Appellee*.

No. 1 CA-CV 23-0544
FILED 04-30-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-051510
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Glenna Simmons, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Julie M. Rhodes, Rebecca Banes
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

**¶1**        Glenna Simmons appeals the superior court's judgment dismissing her complaint against Mecca Temple.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        "We assume the truth of all well-pleaded factual allegations and draw all reasonable inferences from those facts."  *Yahweh v. City of Phoenix*, 243 Ariz. 21, 22, ¶ 2 (App. 2017) (citation omitted).

**¶3**        In November 2022, the Department of Child Safety ("DCS") removed a foster child from Simmons' care.  Temple was a DCS employee involved in removing the child.

**¶4**        In April 2023, Simmons filed a complaint against Temple in Maricopa County case no. CV2023-051212 (the "first complaint"),[1] alleging various claims and damages arising from the child's removal.  Later that month, Simmons moved to dismiss her first complaint.  That same day, Simmons emailed Temple, stating, "I plan to sue you for the wrongful removal of my foster child . . . on 11.17.2022."

**¶5**        About a week later, Simmons filed another complaint against Temple in Maricopa County case no. CV2023-051510 (the "second complaint"), alleging Temple authorized the wrongful removal of the foster child and demanding damages and declaratory relief.  Temple moved to dismiss Simmons' second complaint under Rule 12(b)(6) of the Arizona Rules of Civil Procedure, arguing, in part, that Simmons had not complied with Arizona Revised Statutes ("A.R.S.") section 12-821.01 (the "notice of claim statute").  The superior court concluded Simmons had not complied with the notice of claim statute and granted Temple's motion.

**¶6**        We have jurisdiction over Simmons' timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

---

[1] Simmons' first complaint is not in Maricopa County case no. CV2023-051510's record, but we may take judicial notice of it. *See State v. Valenzuela*, 109 Ariz. 109, 110 (1973).

**DISCUSSION**

**¶7**   We review de novo the dismissal of a complaint and compliance with the notice of claim statute. *Yahweh*, 243 Ariz. at 22, ¶ 6. Dismissal under Rule 12(b)(6) is appropriate if the plaintiff, as a matter of law, "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* (citation omitted).

  I.  Damages Claims

**¶8**   Before suing a public employee for damages arising from conduct committed within the course and scope of her employment, *Crum v. Superior Court*, 186 Ariz. 351, 352 (App. 1996), a claimant must strictly comply with the notice of claim statute, *Yahweh*, 243 Ariz. at 23, ¶ 12. The notice of claim must contain "facts sufficient to permit the . . . public employee to understand the basis on which liability is claimed" and "a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A). Failure to file a notice of claim "within [180] days after the cause of action accrues" bars the claim. *Id.*

**¶9**   The superior court found that Simmons' April 2023 email did not comply with the notice of claim statute, and the parties now agree the email was insufficient. On appeal, Simmons argues the superior court should have considered her first complaint, rather than her email, and contends that her first complaint satisfied the notice of claim statute.

**¶10**   Parties generally waive issues raised for the first time on appeal. *See Romero v. Sw. Ambulance*, 211 Ariz. 200, 203–04, ¶ 6 (App. 2005). Simmons argued to the superior court that she satisfied the notice of claim statute. But Simmons cited only the exhibit containing her email. She did not submit her first complaint into the second complaint's superior court record, and she did not explain to the superior court how her first complaint satisfied the notice of claim statute. Thus, Simmons waived the argument.

**¶11**   Further, even if Simmons did not waive her argument, it is meritless. Assuming, without holding, that a dismissed complaint can be a valid notice of claim, Simmons' first complaint was deficient. The notice of claim must "identify the specific amount for which [the claimant] will settle." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 9 (2007). "Simply reciting the amount a claimant will demand in a complaint is insufficient to satisfy [the notice of claim statute] because such a statement does not express a willingness to accept a specific sum in settlement." *Yahweh*, 243 Ariz. at 23, ¶ 8.

¶12            Simmons' first complaint contained no indication she was willing to settle for any amount.  And although Simmons' first complaint demanded $160,000 for negligence, $80,000 for intentional infliction of emotional distress, $200,000 for loss of affection, and $7,000,000 in punitive damages, she also demanded an unspecified amount of compensatory relief, interest, costs, attorneys' fees, "and any such relief as the [c]ourt may deem just and proper."  Thus, Simmons' first complaint did not satisfy the notice of claim statute.  *See Deer Valley*, 214 Ariz. at 297, ¶ 11 (stating the notice of claim statute is not satisfied when there is a "substantial variation in potential value and the absence of any clear aggregate claim amount").

¶13            Simmons further argues that Temple "cannot feign ignorance or contend that the notice of claim didn't exist" because Temple "physically held all of this information in [her] hands."  "Actual notice and substantial compliance do not excuse failure to comply with the [notice of claim] statutory requirements."  *Swenson v. Cnty. of Pinal*, 243 Ariz. 122, 128, ¶ 20 (App. 2017) (citations omitted).  Thus, even if Temple had actual notice, it would not excuse Simmons' failure to file a valid notice of claim.

       II.     Declaratory Relief

¶14            Simmons' second complaint also demanded "declaratory relief as [the] court see[]s fit."  Parties are not required to file a notice of claim when seeking declaratory relief.  *Martineau v. Maricopa Cnty.*, 207 Ariz. 332, 337, ¶¶ 24–25 (App. 2004).  But we may affirm the superior court's dismissal of a complaint "if it is correct for any reason."  *Dube v. Likins*, 216 Ariz. 406, 417, ¶ 36 n.3 (App. 2007) (citation omitted).

¶15            Simmons waived this argument by not raising it with the superior court or on appeal.  *See Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29 (App. 2000); *Romero*, 211 Ariz. at 203–04, ¶ 6.  But, regardless of the waiver, Simmons was not entitled to declaratory relief.

¶16            "For a court to grant declaratory judgment, the party seeking relief must assert 'a legal relationship, status or right' in which the party has a definite interest and 'the denial of it by the other party.'"  *Original Apartment Movers, Inc. v. Waddell*, 179 Ariz. 419, 420 (App. 1993) (citation omitted).  "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."  A.R.S. § 12-1836.

¶17            Simmons' second complaint does not clearly state what declaratory relief she sought.  We interpret it as seeking a declaration that

4

she was entitled to a hearing under A.R.S. § 8-515.05 and a declaration that the policy requiring foster parents to respond to DCS inquiries within 24 hours is "unrealistic."

**¶18**　　　Unless an exception applies, if a foster parent disagrees with DCS's decision to remove a child from the foster parent's care, he or she must notify DCS within 24 hours, and DCS must hold a case conference with the foster parent.　A.R.S. § 8-515.05(B).　Simmons' second complaint indicated she had no opportunity to participate in a case conference.　But DCS is not a party here, and nothing suggests a declaratory judgment against only Temple would resolve Simmons' claim that she was entitled to a hearing.　Further, Simmons acknowledged there is a juvenile case involving the child, and she should have sought relief through the juvenile case, not a separate civil action against Temple.　*See* A.R.S. § 8-532 (stating the juvenile court has exclusive original jurisdiction over parental termination cases).　*See also Maryn B. v. Padilla*, 1 CA-SA 19-0294, 2020 WL 582350, at *2–3, ¶¶ 8, 14 (Ariz. App. Feb. 6, 2020) (mem. decision) (accepting jurisdiction of a special action filed by foster parents alleging DCS did not comply with A.R.S. § 8-515.05).

**¶19**　　　Similarly, Simmons' demand for a declaration that the communication policy was "unrealistic" fails because a declaration in a case involving only Temple would not impact the policy or terminate the underlying controversy.　*See* A.R.S. § 12-1836.

## CONCLUSION

**¶20**　　　We affirm the dismissal of Simmons' complaint.



AMY M. WOOD • Clerk of the Court
FILED:　 TM

5